NOT DESIGNATED FOR PUBLICATION

No. 124,184

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PIDY TIGER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed July 29, 2022.
Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before GREEN, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM:  Pidy Tiger appeals the district court's dismissal of his latest K.S.A.
60-1507 motion for lack of jurisdiction. Tiger filed this motion while his appeal of the
denial of his two prior K.S.A. 60-1507 motions was still pending. We find no error and
affirm.

In October 2012 a jury convicted Tiger of rape and aggravated indecent liberties
with a child, his 10-year-old relative. The district court sentenced Tiger to life in prison
without the possibility of parole for 25 years.

1

Tiger has filed several appeals and K.S.A. 60-1507 motions over the years, all of which have been denied. See *State v. Tiger*, No. 122,692, 2021 WL 1045178, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 314 Kan. 859 (2021); *Tiger v. State*, No. 117,448, 2018 WL 4376775 (Kan. App. 2018) (unpublished opinion); *State v. Tiger*, No. 116,852, 2018 WL 671374 (Kan. App. 2018) (unpublished opinion); *State v. Tiger*, No. 110,278, 2015 WL 1513955 (Kan. App. 2015) (unpublished opinion).

In November 2019, Tiger filed two more pro se motions: a "Motion for Habeas Relief Pursuant to K.S.A. 60-1507" and a "Motion to Reverse Pursuant to K.S.A. 60-1507." The district court denied both motions in February 2020 because they were untimely, successive, and did not present substantial questions of law or fact. Tiger timely appealed. His appeal was docketed in March 2020 as appellate case No. 122,692.

While Tiger's latest appeal was pending, he filed a motion titled "Petition for Writ of Habeas Corpus Pursuant to K.S.A. 60-1507" with the district court on May 4, 2020. Tiger acknowledged that his motion was untimely and successive but argued exceptional circumstances justified its untimely filing. He sought reversal of his convictions because he claimed he was absent at several proceedings where his counsel had requested continuances without his consent. He also claimed ineffective assistance of counsel regarding the assertion of his speedy trial right.

The district court found it lacked jurisdiction over Tiger's motion since his appeal from the denial of his previous K.S.A. 60-1507 motions was still pending. A district court loses jurisdiction to rule on posttrial motions after an appeal is filed and docketed. *State v. Smith*, 278 Kan. 45, 51, 92 P.3d 1096 (2004). The Kansas Supreme Court has explained it is a "better policy to have jurisdiction of a criminal action repose in only one court at a time to prevent a case from getting lost in the system." *State v. Dedman*, 230 Kan. 793, 797, 640 P.2d 1266 (1982).

2

Whether jurisdiction exists is a question of law over which appellate courts have unlimited review. *State v. Lundberg*, 310 Kan. 165, 170, 445 P.3d 1113 (2019).

Tiger does not claim on appeal that the district court had jurisdiction to rule on his motion, nor does he ask us to construe the contents of his motion. Instead, he asks us to liberally construe "the time limit in which it was filed." He contends this court had "just docketed" his appeal when he filed his May 4, 2020 motion and the record does not disclose whether Tiger was notified that his appeal was docketed. He notes there are statutory exceptions to the general rule that a district court loses jurisdiction once an appeal is docketed and asks us to "liberally construe" these exceptions to include Tiger's motion.

The problem with Tiger's argument is the rule that pro se pleadings must be liberally construed only applies to the substance of pleadings. *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498, 505 P.3d 775 (2022). It does not impact the application of statutes or procedural rules. Neither the timing nor Tiger's claimed ignorance of the docketing of his appeal are material.

Tiger filed the K.S.A. 60-1507 motion at issue while his appeal of the denial of his prior K.S.A. 60-1507 motions was still pending. The district court lacked jurisdiction to rule on this motion and did not err in summarily dismissing it.

Affirmed.